MARCUS, Justice:
Betty Borne, joined by her husband[1] seeks to recover the sum of $1,800.00 as benefits and wages due her as a teacher at The Magnolia School for retarded children. She claims that she was hired under a written contract for a fixed term and that her services were terminated without cause.
The Magnolia School denies that the contract is for a specified duration. It construes the contract as terminable at the will of either party simply upon two weeks’ prior notice.
The trial court rendered judgment in favor of plaintiff, awarding her the stipulated amount of $1,800.00. Defendant appealed. The Court of Appeal, Fourth Circuit, *643 affirmed. 260 So.2d 793. We granted a writ of review. 262 La. 301, 263 So.2d 44.
Plaintiff began her teaching career at the defendant school in 1961. On March 17, 1969, she was notified that her employment had been terminated because of “unsatisfactory service.” She was given two weeks’ pay and accrued sick leave.
The issue presented involves the interpretation of the written contract between the parties.
Plaintiff contends she was hired for a fixed term of eleven and one-half months, beginning the first or second week in September through the third week of August, as set forth in Article I of the contract, and that she was dismissed on March 17, 1969, without cause. Accordingly, she contends her right to recovery is based on Article 2749 of the Civil Code.[2]
The Magnolia School takes the position that the contract is not for a fixed term in view of the specific provisions of Article IV and Article V to the contrary and that Article I is only an explanation as to the requirements of employment.
The pertinent portions of the contract are, namely, Articles I, IV and V, which are as follows:
“MAGNOLIA SCHOOL, INC.
“100 Central Avenue
“New Orleans, La. 70121
“TERMS OF EMPLOYMENT
“NAME Mrs. Betty Borne POSITION Teacher _ “EFFECTIVE DATE September 1,1968 SALARY PER MONTH $387.50 “I. The teaching personnel is required to work approximately 1114 months each year beginning the first or second week in September through the third week of August. During the last two weeks of August, school is recessed to permit the children to return to their families. School is also recessed for two weeks during Christmas holidays and certain other days, such as Good Friday, Mardi Gras, Thanksgiving, All Saints Day, Fourth of July, and other such holidays as specified by the administrator. The regular hours of work are from 8 :00 a. m. until 3 :20 p. m. Classes begin at 8 :45 a. m. but teachers are required to report to their respective classrooms or attend staff meetings after signing in at the office.
‡ H' % * ‡ % * *
“IV. Although this document is not a contractual arrangement for a specified duration of time, it is understood that the signing of this instrument obligates the teacher to present herself or himself for employment on the ‘Effective Date’ shown and necessarily implies that a position will be furnished at that time by Magnolia School.
“V. If at any time termination of employment is deemed necessary, a reciprocal understanding will be that two weeks prior notice will be furnished.
* * * >>
*644 Plaintiff construes the provisions in Article I as requiring her to work approximately eleven and one-half months each year, beginning the first or second week in September through the third week in August. She recognizes that the first clause of Article IV states that the document “is not a contractual arrangement for a specified duration of time” but she reasons that the agreement, under Article 1955 of the Civil Code,[3] must be read as a whole. She then refers to the second clause of Article IV which “obligates the teacher to present herself or himself for employment on the ‘Effective Date’ shown and necessarily implies that a position will be furnished at that time ,by Magnolia School.” She claims that this clause negates the first clause of said article and refers to Article I, thereby creating an obligation for a fixed term. Plaintiff further attempts to explain the language of Article V to mean termination of employment for cause only, rather than at the will of the parties. She bases this interpretation on the words “deemed necessary.” Plaintiff alternatively contends that, if the contract is ambiguous, it should be construed against the party who prepared it.
The position of the defendant is that the contract is clear and explicit. It is urged that there is no ambiguity whatsoever since Article I simply sets forth the length of the school year at the Magnolia School, which is eleven and one-half months, due to the nature of its operation with retarded children, as well as other conditions involved in her employment. Defendant further contends that Article IV states, in no uncertain terms, that this is “not a contractual arrangement for a specified duration of time,” and that the second clause of that article only refers to the obligation on the “Effective Date,” i. e., September 1, 1968, as set forth at the beginning of the contract, and only obliges the Magnolia School to have a position available for her at that time. Defendant further refers to Article V which clearly states that employment may be terminated at any time when deemed necessary with two weeks’ prior notice. Defendant calls our attention to the fact that it is specified as a “reciprocal understanding” and that “deemed necessary” is in no way restricted. Accordingly, employment may be terminated by either party for any reason.
We agree with the position of the defendant.
The first clause of Article IV provides that: “Although this document is not a contractual arrangement for a specified duration of time * * ” This language could not be clearer. We do not find that the second clause of this article renders nugatory the first part thereof. The latter is simply a reference to the effective date shown at the beginning of the contract, viz:
“MAGNOLIA SCHOOL, INC.
“100 Central Avenue
“New Orleans, La. 70121
“TERMS OF EMPLOYMENT
“NAME Mrs. Betty Borne POSITION Teacher EFFECTIVE DATE September 1,1968 SALARY PER MONTH $387.50”
It, in no way, creates an obligation for a fixed term of employment, but rather sets forth an obligation on the part of the plaintiff to present herself for employment *645 on the effective date — September 1, 1968 —and implies that a position will be available for her at the Magnolia School on that date.
The foregoing interpretation is confirmed by the following provision contained in Article V, viz :
“V. If at any time termination of employment is deemed necessary, a reciprocal understanding will be that two weeks prior notice will be furnished.” (Emphasis ours).
We conclude that this article clearly makes the right to terminate employment reciprocal on the part of both parties by providing two weeks’ prior notice. Furthermore, this article makes it apparent that termination can be made for any reason that either party deems necessary.
It is our opinion that Article I is merely a general article, setting out the schedule to which the teaching personnel will be subject during the school year, in reference to length of service, attendance at meetings, and vacation time. It should be pointed out that the purpose of this provision was to inform plaintiff of the unusual conditions of employment in a teaching position at the Magnolia School, as opposed to the normal and customary type of teaching employment.
After considering the contract as a whole, we find the language to be plain, clear and unequivocal in that the parties did not intend to enter into a contract for a fixed period of time. Accordingly, the defendant was within its rights in terminating the said contract in the manner in which it did.
For the reasons assigned, the judgment of the Court of Appeal is reversed, and, accordingly, we render judgment herein in favor of defendant, The Magnolia School, and against plaintiffs, Betty Borne, et al, dismissing the suit at their cost.

. Petitioner, Betty Borne, was joined in this suit by her husband in order to seek recovery; however, for the sake of clarity, we will hereafter in this opinion refer to Betty Borne, wife of Gary Borne, as plaintiff.

. Article 2749 of the Civil Code provides: “If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived.”

. Article 1955 of the Civil Code recites:
“All clauses of agreements are interpreted the one by the other, giving to each the sense that results from the entire act.”